UNITED STATES of America,
Plaintiff,

v.

Tracy Coy POE, a/k/a Pody or
Podie, et al., Defendants.

Crim. No. 75-92.

United States District Court,
W. D. Oklahoma.

May 6, 1975.

Kurt P. Schulke, Sp. Prosecutor, Kansas City, Mo., Floy Dawson, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

James Patrick Quinn, Kansas City, Mo., Mac Oyler and Jack Love, Oklahoma City, Okl., for Poe.

Robert A. Jackson, Oklahoma City, Okl., for Brice.

Ralph G. Thompson, Oklahoma City, Okl., for Pearce.

William A. Robinson, Oklahoma City, Okl., for Parton.

Mac Oyler, Oklahoma City, Okl., for Strother.

## ORDER

DAUGHERTY, Chief Judge.

Defendants Poe and Brice have each moved to suppress as evidence herein certain telephone conversations to which they were a party and which were recorded on tape and which it appears the Government intends to introduce in evidence at the trial of this case. The Government opposes both Motions. The Motions and Response in opposition have been briefed.[1] The Court has conducted an evidentiary hearing on the Motions.

Defendants Poe and Brice concede that under Federal law if one of the parties to a telephone conversation consents to its being recorded, that there is not a violation of pertinent Federal Statutes (18 U.S.C. § 2510 et seq. and 47 U.S.C. § 605) or of the Fourth and Fifth Amendments to the United States

---

1. The Motion of Defendant Brice is not supported by a Brief. It is almost identical to the Motion of Defendant Poe and was filed after the Motion of Defendant Poe. The Court therefore assumes that Defendant Brice adopts the Brief of Defendant Poe in support of his Motion to Suppress.

Constitution. *Rathbun v. United States,* 355 U.S. 107, 78 S.Ct. 161, 2 L.Ed.2d 134 (1957) ; *United States v. White,* 91 S. Ct. 1122, 401 U.S. 745, 28 L.Ed.2d 453 (1971).

However, in support of their Motions to Suppress Defendants Poe and Brice contend that the consent of those talking to them in the conversations recorded on tape was not freely and voluntarily given by them prior to such recordings. In addition, Defendants Poe and Brice assert in support of their Motions to Suppress that they did not initiate any of the telephone calls involved and as Government agents initiated them there was an invasion of their right of privacy, their Constitutional right of due process was violated and the placing of the telephone calls to them exceeded permissible bounds of propriety by the Plaintiff in the gathering of evidence.

■ As to the consent issue no evidence was presented at the evidentiary hearing which supported the proposition that those talking to Defendants Poe and Brice did not freely and voluntarily give their consent to the same being recorded on tape. To the contrary, the evidence reveals that these individuals came to the Federal Bureau of Investigation when they were threatened regarding their failure to pay their gambling debts and did so on their own volition; that each thereafter freely and voluntarily gave his prior consent to the telephone tape recordings and did so without any promises, force, threats or coercion being used by the Government to obtain such permission. Defendants Poe and Brice have completely failed to support this part of their Motions with any evidence whatsoever. *Nardone v.*

*United States,* 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939) provides that a defendant in a criminal case who asserts that evidence against him was improperly obtained by wiretapping has the burden of proving to the trial court's satisfaction the truth of the assertion. Also see *Nolan v. United States,* 423 F.2d 1031 (Tenth Cir. 1970).

■ As to the other ground in support of their Motions the evidence reveals that the telephone calls and the substance thereof were not directed by Government agents. The only evidence before the Court, with one single exception, was that the telephone calls and the contents thereof were the acts and determinations of the alleged victims and not the Government agents. The only exception was the request by the Government agent that a call be made to Defendant Brice to see if he had picked up some money left for him at a clothing store.

The cases relied upon by Defendants Poe and Brice in support of this proposition do not fit the facts of this case as presented to the Court at the evidentiary hearing.[2] This ground of Defendants Poe and Brice for suppression was considered and rejected in *United States v. Jones,* 433 F.2d 1176 (Tenth Cir. 1970). In this case monitored conversations were had upon the prosecutor's instructions. The case holds:

> ". . . The question before us, however, is not whether electronic surveillance and wiretapping in the abstract are good or bad things, but whether the Government overstepped the bounds of what was lawfully available to prosecutors at the time of the events in question.

---

2. In *United States v. Goodwin,* 470 F.2d 893 (Fifth Cir. 1972) all the evidence of the Government in the criminal trial had been derived from earlier bankruptcy proceedings in which the Referee had compelled the defendant to make incriminating answers to certain questions. In *Williamson v. United States,* 311 F.2d 441 (Fifth Cir. 1962) the Government hired an informer to make illicit whiskey cases on a contingent fee basis. In

*United States v. Tarlowski,* 305 F.2d 112 (E.D.N.Y.1969) an Internal Revenue Service Agent excluded defendant's accountant-advisor from interviews of the defendant and such was deemed to be a breach of national policy. *United States v. Kros,* 296 F.Supp. 972 (E.D.Pa.1969) was a case involving entrapment as a defense. The Court understands that neither movant herein asserts the defense of entrapment.

■ The supervisory power doctrine is an extraordinary one which should be 'sparingly exercised,' *Lopez v. United States*, 373 U.S. 427 at 440, 83 S.Ct. 1381, 10 L.Ed.2d 462 (Harlan, J.).

\* \* \* \* \* \*

Furthermore, application of the doctrine [supervisory power] requires a finding that the Government's conduct is outrageous in light of the surrounding circumstances of an individual case. It is clear from the record that appellee was neither an unlearned nor an uncounselled suspect. Rather, the record is replete with indications that the prosecutors were dealing with suspects whose very sophistication created obstacles to the search for truth and the vindication of the public interest in law enforcement.

\* \* \* \* \* \*

. . . The enforcement of the criminal law is not, however, a mere sporting game, and the hunters as well as the hunted, have their problems. In the case of the former, the use of an informer has long been, and still is, regarded as an available weapon in the arsenal; and we cannot see that the facts of Bromley's cooperation in this case cast the Government in any peculiarly villainous role. When, as we have found here, the actions complained of are neither unconstitutional nor beyond the bounds of what has been thought legally tolerable at this stage of our civilization, we deem it unnecessary to exercise the federal supervisory power to protect either the defendant or the processes of the trial court in the circumstances shown by this record." (Underscoring added)

The evidence before the Court in this case falls far short of the Government doing anything which might be said to be outrageous or villainous or to have overstepped the bounds of propriety.

Therefore, as the evidentiary hearing reveals no 47 U.S.C. § 605 wiretap and reveals the free and voluntary consent to the tape recording of their conversations by the three alleged victims and as the evidence fails to show that the Government has engaged in outrageous or villainous conduct exceeding the bounds of propriety in relation to their activities in this case, the Motions To Suppress of Defendants Poe and Brice should each be overruled and the evidence on the tapes sought to be suppressed should be admitted in evidence at the forthcoming trial under proper instructions to the jury.

It is so ordered this 6th day of May, 1975.